#400 JFL

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EUGENE HOLZER,
*Plaintiff,*

v.

PARTY CITY HOLDCO, INC.
*Defendant.*

CIVIL ACTION NO.________

19 5470

FILED
NOV 21 2019
KATE BARKMAN, Clerk
By________Dep. Clerk

## COMPLAINT AND JURY DEMAND

## I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, attorneys' fees and other relief on behalf of the Plaintiff, Eugene Holzer ("Plaintiff Holzer"), a former employee of the Defendant, Party City Holdco, Inc. ("Defendant") who has been harmed by the Defendant's discriminatory employment practices.

2. This action is brought under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"), and the Pennsylvania Human Relations Act, 43 P.S. §951 et seq ("PHRA").

## II. JURISDICTION AND VENUE:

3. The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Holzer's claims are substantively based on the ADEA.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Holzer's claims arising under the PHRA.

5.    All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Holzer has satisfied all other jurisdictional prerequisites to the maintenance of this action. On August 26, 2019, a Notice of Right to Sue was issued by the Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

## III.   PARTIES:

6.    Plaintiff, Eugene Holzer ("Plaintiff Holzer"), is a fifty-six (56) year old individual and citizen of the Commonwealth of Pennsylvania, residing therein at 1090 Greenleaf Drive, Bethlehem, Pennsylvania 18017.

7.    Defendant, Party City Holdco, Inc. ("Defendant"), is a corporation maintaining a place of business located at 601 Baltimore Pike, Springfield, Pennsylvania 19064.

8.    At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9.    At all times material herein, the Defendant has been a "person" and "employer" as defined by the ADEA and PHRA, and has been, and is, subject to the provisions of each said Act.

## IV.   STATEMENT OF FACTS:

10.    Plaintiff Holzer, a fifty-six (56) year old individual, was employed by Defendant from on or about July 30, 2018 until on or about January 15, 2019, the date his termination.

2

11.    By way of background, Plaintiff Holzer was employed by Party City Management Company ("PC Mgmt. Co."), from on or about May 15, 1995 until on or about July 26, 2018.

12.    Plaintiff Holzer began his employment with PC Mgmt. Co. in the position of Store Manager and earned two (2) promotions during his 24 year tenure of employment. At the time of his separation, Plaintiff Holzer held the position of Director of Operations/District Manager.

13.    In or about February of 2018, Plaintiff Holzer learned from Phil Nasuti ("Nasuti"), Owner, PC Mgmt. Co., that he was considering the sale of all 16 franchise stores under PC Mgmt. Co's ownership to Defendant.

14.    Thereafter, in or about May of 2018, Plaintiff Holzer learned from Michael Bush ("Bush"), Controller, PC Mgmt. Co., that Nasuti had decided to move forward with the sale of the franchise stores. However, Bush assured Plaintiff Holzer that his employment was secure and that he would continue his employment with Defendant following said sale.

15.    In or about July of 2018, during a corporate meeting attended by Nasuti, Bush, and Michael Brand ("Brand"), Co-Owner, Plaintiff Holzer was again assured that his employment would continue with Defendant.

16.    On or about July 25, 2018, mere days prior to the sale of PC Mgmt. Co, Plaintiff Holzer learned from Ed Roldan ("Roldan), Senior Manager, that Defendant had replaced him in his position as District Manager with Danielle Sundermeier

3

("Sundermeier"), a significantly less experienced, less qualified individual in her thirties (30s).

17. Despite Defendant's assurances that Plaintiff Holzer would continue in his position following the sale, Defendant instead hired Plaintiff Holzer to the seasonal and temporary position of Senior Operations Manager.

18. Upon learning of the drastic change in position, Plaintiff Holzer attempted to contact Nasuti, Bush, and Brand to obtain an explanation. However, none of the aforesaid individuals replied.

19. The following day, Justin Charpentier ("Charpentier"), Corporate Employee, notified Plaintiff Holzer that his new position he would not be eligible for employee benefits. Charpentier further stated that Defendant could retain Plaintiff Holzer beyond January should a position be available.

20. Thereafter, Plaintiff Holzer made numerous efforts to obtain permanent employment with Defendant however Defendant refused to afford Plaintiff Holzer any interviews for a permanent position.

21. On or about January 15, 2019, Defendant terminated Plaintiff Holzer's employment.

22. Significantly, the only individuals employed in management roles with PC Mgmt. Co. who were not offered permanent positions with Defendant were Plaintiff Holzer, age fifty-five (55), and Daniel Dodd ("Dodd"), age fifty-eight (58).

23. Plaintiff Holzer believes and avers that Defendant's articulated reason for failing to hire him for a permanent position and terminating his employment was

pretextual and that Defendant actually terminated and failed to hire him because of his age (55).

## COUNT I
## (ADEA - Age Discrimination)
## Plaintiff Holzer v. Defendant

24.   Plaintiff Holzer incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth at length herein.

25.   The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Holzer to discrimination on the basis of his age, and in knowing or showing reckless disregard for whether its conduct was prohibited by statute, constituted willful violations of the ADEA.

26.   As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Holzer sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

## COUNT II
## (PHRA - Age Discrimination)
## Plaintiff Holzer v. the Defendant

27.   Plaintiff Holzer incorporates by reference paragraphs 1 through 26 of this Complaint as though fully set forth at length herein.

28. '   The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Holzer to discrimination on the basis of his age, constituted violations of the PHRA

5

29.   As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Holzer sustained permanent and irreparable harm, resulting in the loss of his employment, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

30.   As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Holzer suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

31.   Plaintiff Holzer incorporates by reference paragraphs 1 through 30 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Holzer requests that this Court enter judgment in his favor and against the Defendant, and Order that:

a.   Defendant compensate Plaintiff Holzer with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination;

b.   Defendant compensate Plaintiff Holzer with an award of front pay, if appropriate;

c.   Defendant pay to Plaintiff Holzer punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses as allowable;

6

d.      Defendant pay to Plaintiff Holzer pre and post judgment interest, costs of

suit and attorney and expert witness fees as allowed by law;

e.      The Court award such other relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff Holzer demands trial by jury.

SIDNEY L. GOLD & ASSOC., P.C.

By:

/s/ Sidney L. Gold, Esquire SG1387
SIDNEY L. GOLD, ESQUIRE
I.D. No.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
**Attorneys for Plaintiff**

DATED:      November 21, 2019

7

JS 44 (Rev 06/17)      *JFL*                 **CIVIL COVER SHEET**      5:19-cv-54770

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| EUGENE HOLZER | PARTY CITY HOLDCO, INC |

**(b)** County of Residence of First Listed Plaintiff  NORTHAMPTON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  DELAWARE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L Gold, Esquire
Sidney L Gold & Assoc, P C
1835 Market St, Suite 515 Phila, PA 19103 215-569-1999

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1  U S Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U S Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                    Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | | ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | ☐ 362 Personal Injury - Medical Malpractice | Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U S Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
ADEA, PHRA
Brief description of cause

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P

**DEMAND $**
150,000 00  in excess

CHECK YES only if demanded in complaint
**JURY DEMAND:**  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

NOV 21 2019

DATE  11/21/2019

SIGNATURE OF ATTORNEY OF RECORD
/S/ SIDNEY L GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG JUDGE



**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**19    5470**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff _ _ _ _ _ _ _ _ _ _ 1090 Greenleaf Drive, Bethlehem, PA 18017

Address of Defendant _ _ _ _ _ _ _ _ 601 Baltimore Pike, Springfield, PA 19064

Place of Accident, Incident or Transaction _ _ _ _ _ 601 Baltimore Pike, Springfield, PA 19064

---

*RELATED CASE, IF ANY.*

Case Number _ _ _ _ _ Judge _ _ _ _ _ _ Date Terminated _ _ _ _ _

Civil cases are deemed related when *Yes* is answered to any of the following questions.

| | | Yes | No |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this case? | Yes | No ✓ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes | No ✓ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes | No ✓ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes | No ✓ |

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 11/21/2019          /s/ Sidney L. Gold, Esq.          21374

*Attorney-at Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A**     *Federal Question Cases.*

☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2  FELA
☐ 3  Jones Act-Personal Injury
☐ 4  Antitrust
☐ 5  Patent
☐ 6  Labor-Management Relations
☑ 7  Civil Rights
☐ 8  Habeas Corpus
☐ 9  Securities Act(s) Cases
☐ 10  Social Security Review Cases
☐ 11  All other Federal Question Cases
     *(Please specify)* _ _ _ _ _

**B.**     *Diversity Jurisdiction Cases.*

☐ 1  Insurance Contract and Other Contracts
☐ 2  Airplane Personal Injury
☐ 3  Assault, Defamation
☐ 4  Marine Personal Injury
☐ 5  Motor Vehicle Personal Injury
☐ 6  Other Personal Injury *(Please specify)* _ _ _ _
☐ 7  Products Liability
☐ 8  Products Liability  Asbestos
☐ 9  All other Diversity Cases
     *(Please specify)* _ _ _ _

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I,  SIDNEY L. GOLD, ESQUIRE , counsel of record *or* pro se plaintiff, do hereby certify

☑  Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☒  Relief other than monetary damages is sought          NOV 21 2019

DATE 11/21/2019          /s/ Sidney L. Gold, Esq          21374

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**



**CASE MANAGEMENT TRACK DESIGNATION FORM**

EUGENE HOLZER

CIVIL ACTION

v

PARTY CITY HOLDCO, INC

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants  (See § 1 03 of the plan set forth on the reverse side of this form )  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U S C  § 2241 through § 2255          (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53 2    (  ) ·

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos          (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases )          (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks

| 11/21/2019 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

NOV 21 2019