IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EUGENE HOLZER,<br><br>                Plaintiff,<br><br>    v.<br><br>PARTY CITY HOLDCO, INC.,<br><br>                Defendant. | Case No. 5:19-cv-05470-JFL |

**PARTY CITY HOLDCO, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant Party City Holdco, Inc.[1] ("Party City") answers Plaintiff's complaint and asserts affirmative defenses as follows:

1. Denied.  It is denied that plaintiff was employed by Party City or that plaintiff was subjected to any discriminatory employment practices.

2. Denied. While plaintiff purports to bring claims under the ADEA and PHRA, it is denied that these statutes were violated by Party City.

3. Denied as a conclusion of law to which no response is required.

4. Denied as a conclusion of law to which no response is required.

5. Admitted in part and denied in part. It is admitted that the EEOC issued a "Dismissal and Notice of Rights" dated August 26, 2019 which stated, in part, that the EEOC "is unable to conclude that the information obtained establishes violations of the statutes." The remaining averments are denied as a conclusion of law to which no response is required.

---

[1] The correct name is "Party City Holdco Inc."

6. Admitted in part and denied in part. It is admitted that plaintiff resides at 1090 Greenleaf Drive, Bethlehem, Pennsylvania 18017. The remaining averments are denied insofar as Party City is without sufficient information to respond to these averments.

7. Admitted only that Party City Holdco Inc. is a corporation and that one of its retail stores is located at 601 Baltimore Pike, Springfield, PA 19064.

8. Denied as a conclusion of law to which no response is required.

9. Denied as a conclusion of law to which no response is required.

10. Denied.

11. Denied insofar as Party City is without sufficient information to respond to these averments.

12. Denied insofar as Party City is without sufficient information to respond to these averments.

13. Denied insofar as Party City is without sufficient information to respond to these averments.

14. Denied insofar as Party City is without sufficient information to respond to these averments.

15. Denied insofar as Party City is without sufficient information to respond to these averments.

16. Denied insofar as Party City is without sufficient information to respond to these averments.

17. Denied.

18. Denied insofar as Party City is without sufficient information to respond to these averments.

19. Admitted in part and denied in part. It is admitted that Justin Charpentier advised Plaintiff that the independent contractor position did not provide for the payment of employee benefits because plaintiff's relationship with Party City was as an independent contractor. It is denied that Charpentier told Plaintiff that Party City "could retain him Plaintiff Holzer beyond January should a position be available."

20. Admitted in part and denied in part. It is admitted that Plaintiff was not interviewed for a permanent position as an employee. The remaining averments are denied.

21. Denied.

22. Denied.

23. Denied. By way of further answer, it is denied that Party City engaged in any unlawful discriminatory practices based upon age.

24. Party City incorporates its responses to paragraphs 1 through 23 as if fully set forth herein.

25. Denied. By way of further answer, it is denied that Party City engaged in any unlawful discriminatory practices based upon age.

26. Denied. By way of further answer, it is denied that Party City engaged in any unlawful discriminatory practices based upon age.

27. Party City incorporates its responses to paragraphs 1 through 26 as if fully set forth herein.

28. Denied. By way of further answer, it is denied that Party City engaged in any unlawful discriminatory practices based upon age.

29. Denied. By way of further answer, it is denied that Party City engaged in any unlawful discriminatory practices based upon age.

30. Denied. By way of further answer, it is denied that Party City engaged in any unlawful discriminatory practices based upon age.

31. Party City incorporates its responses to paragraphs 1 through 30 as if fully set forth herein.

WHEREFORE, Defendant Party City Holdco, Inc., respectfully requests judgment in its favor and against Plaintiff Eugene Holzer and that it be awarded reasonable costs and disbursements incurred in defending this action, attorneys' fees and for such other and further relief as the Court deems just and proper.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Party City Holdco, Inc. asserts the following affirmative defenses in response to Plaintiff's Complaint.  Party City Holdco, Inc. reserves the right to assert such an additional affirmative and other defenses that may become known during discovery or otherwise.

### First Affirmative Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted or damages sought can be awarded.

### Second Affirmative Defense

At all times relevant to this litigation, Party City acted in a manner which was proper, reasonable, lawful and in the exercise of good faith.

### Third Affirmative Defense

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions or conduct.

### Fourth Affirmative Defense

Defendant asserts every defense available to it under the Age Discrimination in Employment Act.

### Fifth Affirmative Defense

Plaintiff has failed to diligently mitigate any alleged damages and, therefore, is barred from receiving all or part of the relief requested in his Complaint.

### Sixth Affirmative Defense

Plaintiff is not entitled to any damages, including liquidated damages.

### Seventh Affirmative Defense

Party City Holdco, Inc. did not engage in any unlawful employment practices with respect to Plaintiff.

### Eighth Affirmative Defense

At all times, Party City acted without discriminatory intent and had reasonable grounds to believe that any acts or omissions were based on proper employment decisions supported by legitimate non-discriminatory reasons and were not violations of any law.

### Ninth Affirmative Defense

Party City did not engage in any adverse employment action involving Plaintiff on account of his age.

### Tenth Affirmative Defense

Party City asserts every defense available to it under the PHRA.

### Eleventh Affirmative Defense

Plaintiff was never employed by Party City.

**Twelfth Affirmative Defense**

There exists no proximate causation between any alleged action, omission, breach or failure on the part of Party City and Plaintiff's alleged damages.

**Thirteenth Affirmative Defense**

Plaintiff's Complaint is replete with allegations which deal with conclusions of law which require no responsive pleading under the Federal Rules of Civil Procedure and therefore are denied and strict proof thereof is demanded at the trial of this case.

**Fourteenth Affirmative Defense**

There was no conduct on the part of Party City which gives rise to any liability to Plaintiff under applicable law.

**Fifteenth Affirmative Defense**

Party City's alleged actions and/or omissions did not cause the injury or damages alleged by Plaintiff, the existence of such injury or damage is being specifically denied.

**Sixteenth Affirmative Defense**

The nature, origin, causation, amount and extent of the injuries, damages and losses claimed are at issue and Party City demands proof of the same by Plaintiff as required by law.

**Seventeen Affirmative Defense**

Plaintiff's claims are barred because he has not suffered any damages and any alleged damages are speculative.

**Eighteenth Affirmative Defense**

Party City did not engage in any unlawful employment practices with respect to Plaintiff.

**Nineteenth Affirmative Defense**

Plaintiff's claims are barred on account of his failure to exhaust administrative remedies.

**Twentieth Affirmative Defense**

Plaintiff has waived the right to a jury trial.

**Twenty-First Affirmative Defense**

Party City reserves its right to assert any additional affirmative defenses identified in Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure if facts obtained in discovery support the assertion of any such affirmative defenses.

WHEREFORE, Defendant Party City Holdco, Inc., respectfully requests judgment in its favor and against Plaintiff Eugene Holzer and that it be awarded reasonable costs and disbursements incurred in defending this action, attorneys' fees and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s  Steven K. Ludwig, Esquire*
Steven K. Ludwig, Esquire
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
(215) 299-2164 / (215) 299-2150 (fax)
sludwig@foxrothschild.com

*Counsel for Defendant Party City Holdco Inc.*

Dated:  January 31, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on this date the foregoing pleading was served via the Court's electronic transmission facilities upon counsel for Plaintiff:

Sidney L. Gold, Esquire
Jamie L. Ford, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
sgold@discrimlaw.net
jford@discrimlaw.net

*Counsel for Plaintiff Eugene Holzer*

　　　　　　　　　　　　　　　　　　　*/s/ Steven K. Ludwig*
　　　　　　　　　　　　　　　　　　　Steven K. Ludwig, Esquire

Dated:  January 31, 2020